**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TAVARES HAMILTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | Judge |
| OFFICER MULLIGAN (Star #7621), | ) | |
| OFFICER BLANCO (Star #16816), | ) | Magistrate Judge |
| OFFICER CABANIN (Star #11646), | ) | |
| OFFICER GRANEY (Star #12995), | ) | JURY DEMAND |
| OFFICER CATALANO (Star #17153), | ) | |
| OFFICER MCCALL (Star #17613), and | ) | |
| OFFICER REYKJALIN (Star #2290), | ) | |
| individually, and the CITY OF CHICAGO, | ) | |
| a municipal corporation, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

**NOW COMES** the Plaintiff, Tavares Hamilton , by and through his attorneys, Erickson & Oppenheimer, complaining against the Defendants, Officers Mulligan, Blanco, Cabanin, Graney, Catalano, McCall, and Reykjalin (collectively “Defendant Officers”), individually, and the City of Chicago, a municipal corporation, as follows:

**INTRODUCTION**

1) This action is brought pursuant to 42 U.S.C. §1983 to address deprivations of Plaintiff’s rights under the Constitution of the United States.

**JURISDICTION**

2) The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §§ 1983 and 1985; the Judicial Code 28 U.S.C. §§ 1331 and 1343(a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C. § 1367(a).

## VENUE

3) Venue is proper under 28 U.S.C. Section 1391 (b). All of the parties reside in this judicial district and the events described herein all occurred within this district.

## THE PARTIES

4) The Plaintiff, Tavares Hamilton, is a resident of this judicial district.

5) The Defendants, Officers Mulligan, Blanco, Cabanin, Graney, Catalano, McCall, and Reykjalin, were at all relevant times duly appointed police officers of the Defendant, City of Chicago, and at all relevant times were acting within their scope of employment and under color of law.

6) Defendant City of Chicago is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant Officers.

## FACTS

7) On or about June 19, 2015, the Plaintiff was in the area of 3626 W. Flournoy in in Chicago, Illinois.

8) The Plaintiff was not committing and had not committed any crimes.

9) One or more of the Defendant Officers approached Plaintiff and proceeded to handcuff and arrest him.

10) During the course of this approach and arrest and without just cause or provocation, one or more of the Defendant Officers subjected Plaintiff to excessive force, including without limitation striking the Plaintiff.

11) The other Defendants were nearby and present during the use of force against Plaintiff on the scene and failed to intervene to prevent the misconduct despite having a reasonable opportunity to do so.

12) Thereafter, while handcuffed, the Defendant Officers brought Plaintiff before a civilian in an attempt to have him identify whether the Plaintiff stole his vehicle.

13) Despite the civilian failing to positively identify Plaintiff as the person who stole his vehicle, the Defendant Officers falsely stated in the arrest report that a positive identification had been made and charged Plaintiff with several offenses, including possession of a stolen motor vehicle.

14) There was no probable cause for the Plaintiff's arrest.

15) The falsified arrest report was received by prosecutors and relied upon in commencing and continuing the criminal prosecution of Plaintiff.

16) As a result of this arrest and the Defendant Officers' fabrication of evidence, Plaintiff was unjustly deprived of his liberty and remained in custody while awaiting trial until August 2, 2016.

17) On August 2, 2016, a jury returned a verdict in Plaintiff's favor.

## **COUNT I—EXCESSIVE FORCE/FAILURE TO INTERVENE**

18) Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

19) The actions of the Defendant Officers as set forth hereto constitute excessive force and failure to intervene against Plaintiff, thus violating his rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. Section 1983.

20) Said actions of the Defendant Officers were intentional, willful and wanton and committed with reckless disregard for Plaintiff's rights.

21) Said actions of the Defendant Officers were objectively unreasonable under the circumstances.

22) As a direct and proximate consequence of the Defendant Officers' conduct, the Plaintiff suffered damages, including without limitation violations of his constitutional rights, emotional anxiety, fear, pain and suffering, and monetary expense.

**WHEREFORE**, the Plaintiff prays for judgment against the Defendant Officers, jointly and severally, for an award of reasonable compensatory and punitive damages, plus attorneys' fees and costs.

**COUNT II—FALSE ARREST/UNLAWFUL SEIZURE**

23) Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

24) As described above, the Defendant Officers detained and arrested Plaintiff without justification and without probable cause, thus violating Plaintiff's rights under the United States Constitution.

25) The initial stop and seizure of the Plaintiff was without reasonable suspicion, lawful justification, and probable cause, thus violating Plaintiff's rights under the United States Constitution.

26) Said actions of the Defendant Officers were intentional, willful and wanton and committed with reckless disregard for Plaintiff's rights.

27) Said actions of the Defendant Officers were objectively unreasonable under the circumstances.

28) As a direct and proximate cause of the conduct of the Defendant Officers, Plaintiff suffered damages, including without limitation violations of his constitutional rights, loss of liberty, emotional anxiety, fear, monetary expense, and pain and suffering.

**WHEREFORE**, the Plaintiff prays for judgment against the Defendant Officers, jointly and severally, for an award of reasonable compensatory and punitive damages, plus attorneys' fees and costs.

**COUNT III—DUE PROCESS (FABRICATION OF EVIDENCE)**

29) Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

30) As described hereto, the Defendant Officers fabricated evidence, including without limitation their false statement in the arrest report that a civilian had positively identified Plaintiff as the individual who had stolen his vehicle.

31) Absent this fabrication of evidence, Plaintiff would not have been charged and would not have suffered from a deprivation of his liberty.

32) The Defendant Officers' misconduct and fabrication of evidence directly resulted in Plaintiff suffering a loss of liberty for approximately 14 months, thereby denying his constitutional rights guaranteed by the 14th Amendment.

33) Said actions of the Defendant Officers were intentional, willful and wanton and committed with reckless disregard for Plaintiff's rights.

34) Said actions of the Defendant Officers were objectively unreasonable under the circumstances.

35) As a direct and proximate cause of the conduct of the Defendant Officers, Plaintiff suffered damages, including without limitation violations of his constitutional rights, loss of liberty, emotional anxiety, fear, monetary expense, and pain and suffering.

**WHEREFORE**, the Plaintiff prays for judgment against the Defendant Officers, jointly and severally, for an award of reasonable compensatory and punitive damages, plus attorneys' fees and costs.

**COUNT IV—MALICIOUS PROSECUTION (state law)**

36) Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

37) The Defendant Officers willfully and wantonly initiated legal proceedings against Plaintiff, and/or caused these legal proceedings to continue against him, without probable cause.

38) With malice, willfulness, and/or reckless indifference to Plaintiff's rights, the Defendant Officers created false and/or inaccurate police reports and/or made false statements to other police officers and prosecutors.

39) The legal proceedings against Plaintiff were terminated in his favor, in a manner indicative of innocence.

40) As a direct and proximate result of Defendant Officers' malicious prosecution, Plaintiff suffered injury, including without limitation emotional and financial damages, which will be proven at trial.

**WHEREFORE**, the Plaintiff prays for judgment against the Defendant Officers, jointly and severally, for an award of reasonable compensatory and punitive damages, plus costs.

**COUNT V--INDEMNIFICATION**

41) Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

42) At all relevant times, Defendant City of Chicago was the employer of the Defendant Officers.

43) The Defendant Officers committed the acts alleged above under the color of law and in the scope of their employment as employees of the City of Chicago.

44) In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

45) As a proximate cause of the Defendant Officers' unlawful acts, which occurred within the scope of their employment, Plaintiff was injured.

**WHEREFORE**, should one or more of Defendants Officers be found liable on one or more of the federal claims set forth above, Plaintiff demands that Defendant City of Chicago be found liable for any compensatory judgment Plaintiff obtains against said Defendant(s), plus attorneys' fees and costs awarded and such other and additional relief that this Court deems equitable and just.

## COUNT VI—*RESPONDEAT SUPERIOR*

46) Each of the paragraphs above is incorporated by reference as though fully stated herein.

47) In committing the acts alleged in the preceding paragraphs, the individual Defendants were agents of the City of Chicago and were acting at all relevant times within the scope of their employment and under color of law.

48) Defendant City of Chicago is liable as principal for all torts committed by its agents.

**WHEREFORE**, should one or more of Defendants Officers be found liable on one or more of the state claims set forth above, Plaintiff demands that, pursuant to *respondeat superior*, Defendant City of Chicago be found liable for any compensatory judgment Plaintiff obtains against said Defendant(s), as well as costs awarded.

## JURY DEMAND

The Plaintiff requests a trial by jury.

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorneys' fees have been assigned to counsel.

Respectfully submitted,

/s/ Ronak Maisuria

Erickson & Oppenheimer, Ltd.
223 W. Jackson, Suite 200
Chicago, IL 60661
312-327-3370